UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAUREN TAYLOR, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:24-cv-01303-MTS |
| JULIE CAPLAN, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court notes that more than ninety days have passed since Plaintiffs, who are pro se, filed this action against twenty-three Defendants. Despite choosing to bring this action against so many Defendants, Plaintiffs have failed to serve many of them within the required deadline. *See* Fed. R. Civ. P. 4(m). Plaintiffs have filed a Motion for Extension of Time to Retain Process Server for Service on Multiple Defendants. Doc. [51]. The Motion's problem is twofold. First, Plaintiffs failed to sign the Motion. *See* Fed. R. Civ. P. 11(a). The Court already has admonished Plaintiffs about this requirement. *See* Doc. [8]. Second, the Motion fails to show good cause under Rule 4(m) to warrant an extension of time.

"There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) (per curiam). But "[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Plaintiffs have not shown that here. Plaintiffs simply identify other things that have kept

them busy, and they fault the unserved Defendants for not waiving service.  Neither establishes good cause.

First, being busy is not unique to any plaintiff.  "Many *pro se* litigants, as well as many lawyers, are busy[.]" *Goodvine v. Meisner*, 3:14-cv-00278-WMC, 2016 WL 1274622, at *2 (W.D. Wis. Mar. 31, 2016).  For that reason, normal and foreseeable events or the heavy caseload of an attorney are not alone sufficient justifications to extend deadlines.  *See Louisiana-Pac. Corp. v. United States*, 2 Cl. Ct. 743, 748 (1983); *see also Mississippi v. Turner*, 498 U.S. 1306, 1306 (1991) (Scalia, J., in chambers) (concluding that an attorney's "overextended caseload is not 'good cause shown,' unless it is the result of events unforeseen and uncontrollable by both counsel and client").  One of the two Plaintiffs here being busy with a semester's final examination and the burden of other litigation these Plaintiffs voluntarily undertook does not suffice.

Second, "[i]t is solely the plaintiff's obligation to serve the defendants timely and properly." *See Cooley v. Cornell Corr.*, 220 F.R.D. 171, 172 (D.R.I. 2004).  Defendants here had no "obligation to waive service of process." *See id.*; *cf. Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (explaining that "before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant").[1]  Defendants' election not to waive service does not establish good cause for Plaintiffs' failure to serve them.  *Hughes v. Miller*, 521 F. Supp. 3d 781, 788 (E.D. Wis. 2021) ("The plaintiffs

---

[1] The Federal Rules of Civil Procedure generally do impose "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  Rule 4 provides a plaintiff the opportunity to recoup her expenses later incurred in making service if a defendant located within the United States, without good cause, fails to sign and return a waiver requested by a plaintiff located within the United States. *See* Fed. R. Civ. P. 4(d)(2); *see also id.* at advisory committee's note to 1993 amendment ("It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction.").

have not shown good cause; instead, in seeking an extension of time to complete service, they merely note that [the defendant] did not waive service."). Indeed, the Federal Rules of Civil Procedure do not contemplate a plaintiff waiting the entire ninety days for a defendant to waive service of a summons like Plaintiffs apparently did here. Fed. R. Civ. P. 4(d)(1)(F); *cf. id.* at advisory committee's note to 1993 amendment (explaining that the procedure of requesting waiver of service should "not be used if the time for service under subdivision (m) will expire before the date on which the waiver must be returned" because the court "could refuse a request for additional time").

Even now, the docket shows that Plaintiffs have not requested from the Clerk of Court summonses with which to serve Defendants. *See* Fed. R. Civ. P. 4(b), (c)(1). Their failure to seek summonses does not suggest the presence of good cause. *Cf. Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (explaining, in another context, that the primary measure of "good cause" is the movant's diligence in attempting to meet the deadline). What is more, at least one Plaintiff here was readily familiar with the requirements of Rule 4. In another action against some of the same Defendants as in this action, this Court had to order Plaintiff Elaine Taylor to comply with Rule 4(m). *See Taylor v. John and Stephanie Ingram, LLC*, 4:22-cv-00451-MTS, ECF No. 14 (E.D. Mo. July 11, 2022) (ordering plaintiff to serve defendant American Zurich Insurance Company and defendant Quality Living Incorporated).

Still another impediment to finding good cause here is the nature and background of this action. While the Court will not prejudge the merits of Plaintiffs' claims, aspects of this action raise legitimate questions about whether Plaintiffs brought it in good faith. Multiple

Defendants have maintained that Plaintiffs are abusing the Court's process.[2]  *See, e.g.*, Doc. [27] at 2 (certain Defendants requesting monetary sanctions under 28 U.S.C. § 1927 against Plaintiffs based on what these Defendants call a "demonstrated [] history of abusing the judicial process to harass the Defendants in this action"); Doc. [51] at 4 (letter to Plaintiffs from the Office of the Fulton County Attorney advising Plaintiffs of the County's intention "to assert a claim for abusive litigation").  And, at least on the surface, Plaintiff's claims against some Defendants seem destined to fail based on rudimentary legal principles. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) ("States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity."); *see also, e.g.*, *McKlintic v. 36th Jud. Cir. Ct.*, 508 F.3d 875, 876 (8th Cir. 2007) (per curiam) (affirming dismissal of action against state court because the action was barred by the Eleventh Amendment).  For this additional reason, it is difficult for the Court to believe that Plaintiffs have been acting in good faith when they failed even to begin to undertake the cost and effort to serve numerous Defendants that they sued in this action, the latest iteration of their protracted litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Extension of Time to Retain Process Server, Doc. [51], is **DENIED**.  Pursuant to Federal Rule of Civil Procedure 4(m),

---

[2] Though Plaintiffs are pro se litigants, they are subject to the same rules as any litigant.  *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.").  Being pro se, therefore, does not insulate a litigant from the possibility of sanctions.  *See Carmona v. Branstuder*, 68 F.3d 470 (5th Cir. 1995) (per curiam) ("Rule 11 directs the court to impose sanctions against a litigant who signs frivolous or abusive pleadings, and may be imposed on pro se litigants."); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) (noting that while "pro se complaints are read liberally," they "still may be frivolous" under Rule 11).

- 5 -

Plaintiffs must serve the unserved Defendants, and file proof of such service, no later than **Friday**, **January 10, 2025**.  The failure to do so will result in the dismissal of the action without prejudice against any remaining unserved Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' consent Motion for Extension of Time to Respond to Defendants' Motion to Dismiss, Doc. [52], is **GRANTED**.  Plaintiffs shall have through **Wednesday**, **January 15, 2025**, to respond to Defendants Kenneth Switzer and Tennessee Bureau of Worker's Compensation's Motion to Dismiss.

Dated this 3rd day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE