UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAUREN TAYLOR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01303-MTS |
| ) | |
| JULIE CAPLAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs Lauren and Elaine Taylor, acting *pro se*,[1] filed this action against twenty-three named Defendants and additional unknown Doe Defendants. Plaintiffs' lengthy Complaint contains a fact section that runs 58 pages, totaling 223 numbered paragraphs. Their factual account starts in May 2019, when Lauren Taylor suffered a catastrophic brain injury at a horse show in South Carolina while working for her employer, just one of the many Defendants. The facts continue from there, winding through Tennessee, Georgia, Nebraska, and Missouri, and meticulously recapping the ensuing years throughout Lauren Taylor's path to recovery and the legal processes that followed involving workers' compensation, guardianship, insurance coverage, and the like. Plaintiffs seem to have sued the bulk of individuals and entities they have encountered along the way. That brings us here.

---

[1] Though acting *pro se*, Elaine Taylor is a licensed Missouri attorney in good standing. Courts typically do not provide the liberal standards afforded to non-attorney *pro se* litigants to attorneys. *See United States ex rel. Holmes v. Northrop Grumman Corp.*, 642 F. App'x 373, 379 n.10 (5th Cir. 2016) (per curiam); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).

Numerous motions are now before the Court. Nineteen of the twenty-three named Defendants moved to dismiss this action in twelve separate motions.[2] Also pending before the Court is Plaintiffs' Motion for Leave to File a First Amended Complaint, which Plaintiffs filed only *after* the nineteen Defendants moved to dismiss—but not in time to amend their Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1); *see also* 6 *Wright & Miller's Federal Practice & Procedure* § 1481 (3d ed. 2025) (discussing amendments as a matter of course in actions against more than one party). While few would contend the original Complaint contains "a short and plain statement" of Plaintiffs' claims, no one could reasonably contend the proposed amended complaint does so. *See* Fed. R. Civ. P. 8(a) (requiring that a pleading contain "a short and plain statement" of the claim); *see also* Charles E. Clark, *Fundamental Changes Effected by the New Federal Rules I*, 15 Tenn. L. Rev. 551, 552 (1939) (noting that the "very simple, concise system" of pleading under the Federal Rules of Civil Procedure demands "brief and direct" factual allegations). The proposed amended pleading contains nearly 500 numbered paragraphs in its statement of facts section alone.

Despite the voluminous nature of the filings in this case, the Court has painstakingly reviewed the original Complaint, the briefing in support and in opposition to all twelve motions to dismiss, and the proposed first amended complaint. This review leaves the Court with the certain conclusion that joinder of all these claims against all these

---

[2] Two Defendants filed *pro se* responses to the Complaint, and Plaintiffs voluntarily dismissed two other Defendants after the Court warned that Plaintiffs' claims against some Defendants "seem[ed] destined to fail based on rudimentary legal principles." Doc. [54] at 4 (referring to sovereign immunity).

Defendants into one action was improper.  Plaintiffs failed to meet either requirement of permissive joinder.  *See* Fed. R. Civ. P. 20(a)(2)(A)–(B); *see also* 7 *Wright & Miller's Federal Practice & Procedure* § 1683 (3d ed. 2025) (explaining district court can drop parties or sever claims when "the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact").  Normally such circumstances would prompt the Court to drop parties or sever claims.  *See* Fed. R. Civ. P. 21; *see also Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (discussing a district court's choice under Rule 21 regarding whether to sever claims or drop parties).  Here, the Court chooses to do neither because it has concluded that the entire action, for various reasons, should be dismissed.  Thus, the Court concludes that dropping parties or severing Plaintiffs' claims here would needlessly prolong this dispute.  *See* Fed. R. Civ. P. 1.

*

The Court starts where it always does, its jurisdiction.  "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).  "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter," *id.* at 578, so the Court begins there.  Speaking generally, this Court has subject-matter jurisdiction over cases and controversies that arise under federal law and those where there is diversity of citizenship, provided the matter in controversy exceeds the sum of the jurisdictional minimum.  *See* 28 U.S.C. §§ 1331, 1332.

Here, Plaintiffs invoke the Court's subject-matter jurisdiction by asserting that they raise a federal question under 28 U.S.C. § 1331, and they assert that the Court has supplemental jurisdiction over their remaining state law claims via 28 U.S.C. § 1367. As for their federal questions, they point to two federal statutes: 42 U.S.C. § 1983 and § 1985. Multiple Defendants correctly point out that merely citing to federal statutes is not enough to establish federal-question jurisdiction. That is because "[a] claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." See *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006); *accord Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.").

Usually, this conclusion is "reserved for complaints resting on truly fanciful *factual* allegations," but it does have "some limited application to claims resting on insubstantial legal theories." See *El-Shifa Pharm. Indus. Co. v. United States*, 607 F.3d 836, 850 (D.C. Cir. 2010) (en banc); *accord Gorokhovsky v. City of Chicago*, 813 F. App'x 221, 223 (7th Cir. 2020) (unsigned order) (joined by Barrett, J.) ("When the federal theories are insubstantial in the sense that 'prior decisions inescapably render the claims frivolous,' there is no federal jurisdiction."). Here, Plaintiffs' factual allegations are not fanciful. And though the Court finds the legal theories of their federal questions largely unsound, they are not so unsound such that there is "no room for the inference that the question sought to be raised can be the subject of controversy." *El-Shifa*, 607 F.3d at 850; *accord Biscanin*,

407 F.3d at 908 (noting a claim foreclosed by circuit precedent is patently meritless and therefore does not provide a basis for federal-question jurisdiction).

It is true that "a jurisdictional requisite for a § 1983 action" is that the defendant acted under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981); *id.* at 336 (Blackmun, J., dissenting) ("If a defendant does not act under color of state law, a federal court has no power to entertain a § 1983 complaint against him."); *Lavergne v. Sanford*, 570 F. App'x 385, 386 (5th Cir. 2014) (per curiam) ("There is no federal jurisdiction under 42 U.S.C. § 1983 against non-state actors."). Here, though, Plaintiffs allege the involvement of state actors in their § 1983 claims even though most Defendants are private individuals and entities. While the facts pleaded may show that the private individuals involved were not acting under color of law, the suggestion that they were acting under color of law is not wholly insubstantial and frivolous.

Plaintiffs' claims under § 1985 also are jurisdictionally sufficient. Plaintiffs' § 1985 claims "do[] not require state action," but "do[] demand allegations of racial or other class-based hostility." *Lamb v. Farmers Ins. Co.*, 586 F.2d 96, 97 (8th Cir. 1978) (per curiam). Plaintiffs have sufficient allegations regarding class-based hostility such that their theory is not patently meritless. While Plaintiffs' theory of class-based hostility seems, to this Court, likely to fail, it is not wholly insubstantial and frivolous. *Compare Lake v. Arnold*, 112 F.3d 682, 687–88 (3d Cir. 1997), *with D'Amato v. Wis. Gas Co.*, 760 F.2d 1474, 1486–87 (7th Cir. 1985). Therefore, the Court concludes that it has subject-matter jurisdiction over Plaintiffs' § 1983 and § 1985 claims. *Cf. Occhino v. Nw. Bell Tel. Co.*, 675 F.2d 220, 225 (8th Cir. 1982) (per curiam) (ruling on the merits against plaintiff where it was "clear

that section 1983 [wa]s inapplicable" and where "section 1985 [wa]s plainly not applicable").[3]

That analysis does not end the jurisdictional inquiry, though. Nearly every Defendant also asserts that the Court lacks personal jurisdiction over them, even if there is subject-matter jurisdiction over this action. *See Est. of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1364 (11th Cir. 2010) (noting how a "lack of personal jurisdiction will bar some suits over which the federal courts have subject matter jurisdiction"). The Court agrees with the moving Defendants that it lacks personal jurisdiction over them. The Court lacks personal jurisdiction over every Defendant in this matter except the two Missourians, Sharon Gorman and Certified Care Management, LLC ("CCM"), over whom this Court has general personal jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (discussing general versus specific personal jurisdiction); *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) (explaining general personal jurisdiction exists "when an individual is domiciled in the State or a corporation is incorporated or has its principal place of business there").

---

[3] There is a subject-matter jurisdictional issue, however, over Plaintiffs' claims against the Tennessee Bureau of Worker's Compensation. Their claims against the Bureau fail because the Bureau has immunity under the Eleventh Amendment. *See Weddington v. Tenn. Bureau of Workers' Comp.*, 1:22-cv-0294-CLC, 2023 WL 11915402, at *1 (E.D. Tenn. Feb. 21, 2023); *cf. Hogg's v. New Jersey*, 352 F. App'x 625, 628 n.2 (3d Cir. 2009) (per curiam) (finding Eleventh Amendment immunity for New Jersey's Division of Workers' Compensation). Though the Court warned Plaintiffs about asserting claims against Defendants that enjoy immunity, Doc. [54] at 4, Plaintiffs have continued to do so, *see, e.g.*, *Thomas v. Sweatt*, No. 23-10605, 2023 WL 7105581, at *1 (11th Cir. Oct. 27, 2023) (per curiam) (affirming dismissal of § 1983 complaint because Georgia probate judge was entitled to absolute judicial immunity for actions taken in adjudicating an estate).

"To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). The Court easily concludes that even *if* exercising personal jurisdiction over these non-Missouri Defendants "is authorized by [Missouri's] long-arm statute," asserting it would not "comport[ ] with the strictures of the Due Process Clause." *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011). These Defendants could not have reasonably anticipated being haled into court in Missouri based on Plaintiffs' allegations. *See Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021). The non-Missouri Defendants lack the requisite minimum contacts with Missouri, and Plaintiffs' claims do not arise out of any contacts Defendants might arguably have had with Missouri. *See id.*[4] Therefore, the Court will dismiss this action as to all Defendants except for Sharon Gorman and CCM, over whom the Court has general personal jurisdiction.

As for Plaintiffs' claims arising under federal law against Sharon Gorman and CCM, the Court concludes that they fail on their merits. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that a district court may *sua sponte* dismiss a claim if the claim obviously fails and dismissal does not precede service of process); *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) (noting same). Plaintiffs'

---

[4] The Court's inquiry must consider Defendants' "contacts with [Missouri] itself, not [Defendants'] contacts with persons who reside there." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 952 (8th Cir. 2022) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

§ 1983 claims against these two Defendants fail because the facts Plaintiffs plead do not plausibly show that Gorman or CCM were acting under color of state law. *See Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (explaining private individual's conduct must be "fairly attributable to the State" to be a state actor under § 1983). Even if these Defendants' conduct were fairly attributable to the State, Plaintiffs do not plausibly plead facts showing that the alleged conduct, by these specific Defendants, *see Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir. 2005) (en banc) (noting § 1983 liability is personal to each defendant), deprived Plaintiffs of any rights, privileges, or immunities secured by the Constitution or federal law, *see Gregory v. City of Rogers*, 974 F.2d 1006, 1009 (8th Cir. 1992) (en banc) ("Many harms, though caused by a state actor, do not fall within the scope of section 1983, for section 1983 does not turn the Fourteenth Amendment into a font of tort law that supersedes the tort systems already available under individual state laws."). And as to Plaintiffs' § 1985 claims, Plaintiffs' facts fail to plausibly show any sufficient class-based hostility. *See Post v. Trinity Health-Michigan*, 44 F.4th 572, 580–81 (6th Cir. 2022); *see also Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1154 (8th Cir. 2023) ("A class must possess the characteristics of a discrete and insular minority, like race, national origin, or gender."). Gorman and CCM therefore cannot be liable to Plaintiffs under § 1985. Accordingly, Plaintiffs federal claims against these two remaining Defendants fail.[5]

---

[5] The Court does not reach the merits of Plaintiffs' federal claims against the other Defendants since it has no personal jurisdiction over them. *See Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 372 (8th Cir. 1990); *accord Kaplan v. Cent. Bank of the Islamic Rep. of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018).

As to Plaintiffs' state law claims against these two Defendants, the Court is not confident that they even "are so related to" Plaintiffs' federal law claims that they "form part of the same case or controversy under Article III." *See* 28 U.S.C. § 1367. If they were not so related, the Court could not exercise supplemental jurisdiction over them. To the extent the Court *could* exercise supplemental jurisdiction over any of Plaintiffs' remaining state law claims, the Court declines to do so here having dismissed the federal claims against the two Defendants over whom the Court has personal jurisdiction. *See Bhattacharya v. Bd. of Regents of Se. Mo. State Univ.*, 1:22-cv-0043-MTS, 2022 WL 17844457, at *10 (E.D. Mo. Dec. 22, 2022) (discussing supplemental jurisdiction in cases where all federal-law claims are eliminated before trial). The Court emphasizes that this declination to exercise supplemental jurisdiction over Plaintiffs' state law claims does not impart any opinion on their merit. *See Talley v. Wetzel*, 15 F.4th 275, 283 (3d Cir. 2021).

\* \* \*

In sum, the Court has subject-matter jurisdiction—except as to Defendant Tennessee Bureau of Worker's Compensation—but lacks personal jurisdiction against every Defendant apart from Gorman and CCM. The Court will dismiss the Defendants over which it lacks subject-matter jurisdiction or personal jurisdiction without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 n.4 (2d Cir. 1994) (noting "a dismissal for want of subject matter or personal jurisdiction is not a decision on the merits"). Merits issues aside, dismissal without prejudice allows Plaintiffs to bring their claims against these dismissed Defendants in courts that have jurisdiction. The federal claims against Gorman and CCM fail on their

merits; thus, the Court will dismiss them with prejudice.  With no federal claims remaining, the Court will not exercise supplemental jurisdiction over the state law claims against Gorman and CCM, assuming it even was able to do so.  The Court will dismiss those state law claims without prejudice.  Finally, since nothing in Plaintiffs' proposed First Amended Complaint resolves any of the issues discussed herein, the Court will deny Plaintiffs' Motion for Leave to Amend as futile.  *See Ingrim v. State Farm Fire & Cas. Co.*, 249 F.3d 743, 745 (8th Cir. 2001); *accord Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a First Amended Complaint, Doc. [133], is **DENIED**.

**IT IS FURTHER ORDERED** that the Motions for Leave to File Out of Time or for Extension of Time, Docs. [55], [125], [130], [141], all are **GRANTED**.  *See* Fed. R. Civ. P. 6(b)(1).

**IT IS FURTHER ORDERED** that the Motions to Dismiss for Lack of Personal Jurisdiction, Docs. [6], [11], [16], [18], [27], [35], [73], [81], [84], [87], [98], [106], all are **GRANTED** in that Defendants Quality Living Incorporated; American Zurich Insurance Company; Shepherd Center; Paradigm Management Services, LLC; John Barringer; Manier & Herod; Kenneth Switzer; John & Stephanie Ingram, LLC; John Ingram; Julie Caplan; Kenya Johnson; Marian Parker; Barbara Koll; Dana Ashford;  Ashford Law Firm, LLC; William Jenkins; ESIS, Inc.; and Jenkins & Roberts LLC are **DISMISSED** from this

action without prejudice for lack of personal jurisdiction over them. *See* Fed. R. Civ. P. 12(b)(2).

**IT IS FURTHER ORDERED** that Defendant Tennessee Bureau of Worker's Compensation is **DISMISSED** from this action without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that Plaintiffs' federal claims against Defendants Sharon Gorman and Certified Care Management, LLC are **DISMISSED** from this action. *See* Fed. R. Civ. P. 12(b)(6); *see also Smith*, 945 F.2d at 1043.

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims against Defendants Sharon Gorman and Certified Care Management, LLC are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that the Motions to Conduct Rule 16 Conference, Docs. [154], [155], are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Motion to Withdraw as Attorney, Doc. [165], is **GRANTED**.

All Defendants having been dismissed from this action, the Court will enter herewith an Order of Dismissal that dismisses this action in full consistent with this Memorandum and Order. *See* Fed. R. Civ. P. 58(a).

Dated this 22nd day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE