# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

LAUREN TAYLOR, *et al.*,  )
)
      Plaintiffs,  )
)
      vs.  )      Case No. 4:24-cv-01303-MTS
)
JULIE CAPLAN, *et al.*,  )
)
      Defendants.  )

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Plaintiffs' Motion for Reconsideration and Motion to Transfer. Doc. [169].  After review and consideration, the Court will deny the Motion.  First, the Court notes that, contrary to Plaintiffs' position, the Court did not "f[i]nd that Plaintiffs have produced a complaint which contains enough plausible, factual information to proceed with their causes of action."  Doc. [169] ¶ 15.  Rather, the Court specifically noted that it did not reach the merits of Plaintiffs' federal claims against most Defendants, Doc. [166] at 8 n.5, and dismissed for failure to state a claim the only claims on which the Court examined the merits, *id.* at 9.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").[*]

In any event, Plaintiffs have not shown transfer is proper.  They have not shown how a Georgia court would have personal jurisdiction over every remaining Defendant.  *See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012) ("The plaintiffs bear the burden to establish that the proposed transferee court . . . would have personal

---

[*] Based on what the Court already has seen and decided, a peek at the merits of Plaintiffs' remaining federal claims would counsel against transferring them.  *See Parker v. Dowling*, 664 F. App'x 681, 682 (10th Cir. 2016) (Gorsuch, J.); *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (Posner, J.).

jurisdiction over the defendants."); *Maehr v. United States*, 767 F. App'x 914, 916 (Fed. Cir. 2019) (per curiam) (explaining it was *pro se* plaintiff's burden under § 1631 to "show that jurisdiction would be proper" in the "proposed transferee court"). While Plaintiffs provide a terse (and insufficient) justification for some Defendants, they ignore those for whom personal jurisdiction seems least likely—*e.g.*, Kenneth Switzer. And even if the U.S. District Court for the Northern District of Georgia would have personal jurisdiction over all remaining Defendants, Plaintiffs still have not shown that joinder of all the remaining claims and all the remaining Defendants into one action is even proper. *See* Doc. [166] at 2–3 (noting the Court's "conclusion that joinder of all these claims against all these Defendants into one action was improper"). Transferring the case would not be in the interest of justice.

In sum, Plaintiffs' have failed to show that the Court could transfer this case to the Northern District of Georgia under 28 U.S.C. § 1631. And even *if* the Court could do so, Plaintiffs have failed to show that transferring this case would be in the interest of justice. Therefore, the Court will deny Plaintiffs' Motion and do so without requiring the numerus Defendants to expend time and effort opposing the Motion. *See* Fed. R. Civ. P. 1; *see also, e.g.*, *Zhou v. Int'l Bus. Machines Corp.*, 167 F. Supp. 3d 1008, 1009 n.1 (N.D. Iowa 2016).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration and Motion to Transfer, Doc. [169], is **DENIED**.

Dated this 1st day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE